# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF CONNECTICUT
# NEW HAVEN DIVISION

| | |
|---|---|
| In re:<br><br>THE ROSEGARDEN HEALTH AND REHABILITATION CENTER LLC, *et al.*,<br><br>Debtors.[1] | CHAPTER 11<br><br>Case No. 18-30623<br>(Jointly Administered) |
| DIANNE COTTON AND RICHARD COTTON CO-CONSERVATORS FOR THE PERSON OF DENISE GATCHELL,<br><br>Movant,<br><br>vs.<br><br>JON P. NEWTON,<br>CHAPTER 11 TRUSTEE FOR BRIDGEPORT HEALTH CARE CENTER INC.,<br><br>Trustee/Respondent | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Dianne Cotton and Richard Cotton as co-conservators for the person of Denise Gatchell ("Movants"), by and through their undersigned counsel, Moore Kuehn, PLLC, hereby moves for an order pursuant to 11 U.S.C. § 362(d) and Federal Rule of Bankruptcy Procedure 4001 modifying the automatic stay to permit Movant to pursue post-petition personal injury litigation against Bridgeport Health Care Center Inc. d/b/a  Bridgeport Manor ("Bridgeport Health") in the

---

[1] The Debtors in these cases and the last four digits of each Debtor's tax identification number are: The Rosegarden Health and Rehabilitation Center LLC (4423) and Bridgeport Health Care Center Inc. (6665).

State of Connecticut Superior Court, Judicial District of Fairfield at Bridgeport, or any other court of competent jurisdiction, to seek recovery only from any and all insurance policies maintained by Bridgeport Health or otherwise available to Movants, and to allow Movants take all actions necessary to adjudicate and resolve such claims. In support thereof, Movant respectfully states as follows:

## INTRODUCTION

1. This motion concerns a potential personal injury action arising out of an incident occurring on October 20, 2018, when Denies Gatchell – a resident at a nursing home operated by Bridgeport Health – was injured after slipping and falling in a pool of water in the hallway on her way to the elevator. The purpose of this motion is to request that the automatic stay be lifted to the extent that there is any insurance available to cover Movants' claims.

## FACTUAL BACKGROUND

2. On April 18, 2018 (the "Petition Date"), The Rosegarden Health and Rehabilitation Center LLC and related entity Bridgeport Health (collectively, "Debtors"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Bridgeport Health originally filed its Petition as Case No. 18-50488, prior to becoming jointly administered on April 25, 2018.

3. On May 15, 2018, the Court entered an Order Directing the Appointment of a Chapter 11 Trustee for the Debtors [Dkt. No. 185]. Thereafter, on Application of the United States Trustee, the Court entered an Order Approving Appointment of Jon P. Newton, Esq. as Chapter 11 Trustee for the Debtors [Dkt. No. 198, May 17, 2018].

4. Bridgeport Health is and was operating two nursing homes in Bridgeport, CT – Bridgeport Health Care Center and Bridgeport Manor (the "Premises").

5. Dianne Cotton and Richard Cotton have been appointed co-conservators for the person Denise Gatchell, by the Connecticut Court of Probate, Fairfield County. A copy of the apportionment is attached as **Exhibit A**.

6. Denise Gatchell ("Gatchell") is an individual adult female who, at all relevant times, resided at the Premises.

7. On Saturday, October 20, 2018, Gatchell was leaving her 5th floor bedroom at the Premises heading toward the elevator to go downstairs. As Gatchell made her way to the 5th floor elevator, she slipped on a small pool of water in the main hallway common area, lost all control, and crashed suddenly to the floor with no way to brace or prepare herself.

8. The main common area near where the slip and fall incident took place is where the nursing station is located, and directly adjacent to the nursing station are the locked double door to access the elevator. Prior to this incident, Bridgeport Health used to keep a water cooler and iced tea with small cups placed directly over the nurse's station, which could have been a contributing factor in this incident.

9. On information and belief, the pool of water and slippery floor condition was or should have been known to Bridgeport Health for an extended period of time prior to Gatchell's slip and fall. On information and belief, the Premises was short staffed that evening which can be independently confirmed by past and present employees.

10. Despite this actual or constructive knowledge of the water and slippery condition, Bridgeport Health failed to clear the puddle, dry the area, or post or warn of a wet floor or slippery condition in the 5th floor main hallway where Plaintiff fell.

11. At the time of the fall, Gatchell was in the exercise of due care.

12. Plaintiff was injured as result of the said dangerous, defective, excessively slippery, hazardous, and unsafe condition existing upon said premises located at the Premises remises.

## JURISDICTION

13. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

14. Movants request entry of an order granting relief from the automatic stay, pursuant to section 362(d) of the Bankruptcy Code, to allow Movants to commence an action in the State of Connecticut Superior Court, Judicial District of Fairfield at Bridgeport, or any other court of competent jurisdiction, against Bridgeport Health arising out of Bridgeport Health's allegedly negligent conduct set forth above to seek recovery only from any and all insurance policies maintained by Bridgeport Health or otherwise available to Movants, and to allow Movants take all actions necessary to adjudicate and resolve such claims.

## CAUSE EXISTS TO MODIFY THE STAY

15. The filing of a bankruptcy petition operates as a stay of the commencement of any action against a debtor. 11 U.S.C. § 362. However, Subsection (d) of Section 362, provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay…

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

"The burden of proof on a motion to lift or modify the automatic stay is a shifting one. Section 362(d)(1) requires an initial showing of cause by the movant, while Section 362(g) places the burden of proof on the debtor for all issues other than 'the debtor's equity in property.'" 11 U.S.C. § 362 (g)(1). *See* 2 Collier on Bankruptcy para. 362.10, at 362- 76.

16. In *In Re: Sonnax Industries, Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990) the Second Circuit listed twelve factors for the Bankruptcy Court to consider when deciding if there is cause to modify the automatic stay. "These are: (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms."

17. All twelve *Sonmax* factors will not be relevant in every case. *See In re Masse*, 167 F.3d 139, 143 (2d Cir. 1999). Furthermore, the Court in its discretion, need not grant equal weight to each factor. *See In re Burger Boys, Inc.*, 183 B.R. 682, 688 (S.D.N.Y. 1994); *In re New York Medical Group, P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001). Additionally, the Bankruptcy Court has wide discretion to grant relief and lift the stay. *See In re Laventhol &*

*Horwath*, 139 B.R. 109 (Bankr. S.D.N.Y. 1992); *Matter of Thomson McKinnon, Inc.*, 130 B.R. 721 (Bankr. S.D.N.Y. 1991).

18. Here, a consideration of the relevant *Sonnax* factors supports granting relief from the stay. Specifically:

i. This Court can completely resolve the issues between the parties by lifting the automatic stay. The only adversarial issues that exist between the Movants and Bridgeport Health are the personal injury claims. If the Court lifts the stay and allows Movants to proceed with the personal injury claims to conclusion, the adversarial relationship between the Movants and Bridgeport Health will be over.

ii. There is no connection between Movants claims and the bankruptcy proceeding, nor would the personal injury claims interfere with the bankruptcy proceedings. Movants' personal injury claims do not arise out of the bankruptcy and are wholly separate from any of the issues before the Bankruptcy Court. The claims do not arise under the Bankruptcy Code. Furthermore, Movants' claims arose out of events occurring on October 20, 2018 – over six months *after* Bridgeport Health filed its bankruptcy petition.

iii. Movants' negligence claims do not involve Bridgeport Health as a fiduciary.

iv. Although no specialized tribunal is necessary to hear Movants' personal injury claims, such claims are routinely heard in State Courts, as opposed to the Bankruptcy Courts.

v. Debtors were presumably issued a liability insurance policy, for purposes of general commercial liability and in part for personal injury. Where the creditor must

prove the liability of the debtor for the limited purpose of recovering from a debtor case law supports the proposition that relief from the automatic stay should be granted. *See e.g., Green v Welsh*, 956 F.2d 30 (2d Cir. 1992); *Terwilliger v. Terwilliger*, 206 F.3d 240, 247-248 (2d Cir. 2000). In pursuing their personal injury claims, Movants will attempt to prove Bridgeport Health's liability solely to recover from its liability insurers. Bridgeport Health's liability insurance carriers will in all likelihood bear all of the cost required to defend against Movants' personal injury claim.

    vi.    The sixth factor – whether the action primarily involves third parties – is not relevant.

    vii.    Litigation of Movants' claim in Connecticut Superior Court would not prejudice other creditors. First, none of the issues to be litigated involve other creditors or touch upon their rights. Second, Movants only seek recovery from applicable insurance coverage.

    viii.    A judgment in the Connecticut Superior Court on Movants' negligence claims is not subject to equitable subordination.

    ix.    Movants' success before the Connecticut Superior Court would not result in a judicial lien avoidable by Bridgeport Health.

    x.    Filing Movants' claims in Connecticut Superior Court would further the interests of judicial economy and the expeditious and expeditious and economical resolution of the litigation. The Connecticut Superior Court is the most appropriate and efficient forum to litigate Movants personal injury claims because it – unlike the Bankruptcy Court – routinely hears, holds jury trials, and renders verdicts on such claims.

  xi. The eleventh faction – whether the parties are ready for trial in the other proceeding – is not relevant.

  xii. The impact of the stay weighs heavily upon Movants. While the current bankruptcy proceeding may play out over years. Gatchell is living uncompensated with serious injuries now. Thus, while resolution of Movants' claim may provide Gatchell relief in the form of insurance proceeds available under Bridgeport Health's policies, it does, as explained above, not prejudice Debtors' bankruptcy estate. There is no good reason to have Movants' negligence claims remain in the Bankruptcy Court.

**THE CONNECTICUT SUPERIOR COURT IS THE PROPER VENUE FOR MOVANTS' PERSONAL INJURY ACTION**

19. Under 28 U.S.C. § 157(b)(2)(B), the liquidation or estimation of a non-liquidated personal injury tort claim is a non-core matter. A Bankruptcy Court lacks jurisdiction to liquidate non-core matters such as a personal injury claim. *See In re United States Lines, Inc.*, 1998 U.S. Dist. LEXIS 10135 (S.D.N.Y. July 9, 1998). Regarding non-core matters, a Bankruptcy Court may only submit proposed findings of fact and conclusions of law to the District Judge who then may enter a final judgment. See 28 U.S.C. §157(c)(1).

20. Here, Movants' injury claim involves issues of state law which may be more efficiently decided by a State Court. Hearing of Movants' personal injury claims by the Bankruptcy Court will not be in the interests of the expeditious and economical resolution of litigation because it will unnecessarily expend resources of the bankruptcy proceeding. If relief from the automatic stay is denied, Movants who have already endured substantial personal injury and medical costs, will continue to accrue costly medical expenses with no means of obtaining relief from a State Court until such time that Debtors resolve the Chapter 11 case and the automatic stay is lifted. Any further delay will lead to undue prejudice to the

rights of the Movants to proceed with their post-petition litigation and seek justice for injuries sustained.

## **CONCLUSION**

21.     For the foregoing reasons, cause exists to modify the automatic stay so Movants may proceed with their claims against Bridgeport Health in the in the State of Connecticut Superior Court, Judicial District of Fairfield at Bridgeport, or any other court of competent jurisdiction, to seek recovery only from any and all insurance policies maintained by Bridgeport Health or otherwise available Movants.

WHEREFORE, Movants respectfully request the following relief:

a) That the automatic stay be modified to permit Movant to pursue personal injury litigation against Bridgeport Health Care Center Inc. d/b/a Bridgeport Manor ("Bridgeport Health") in the State of Connecticut Superior Court, Judicial District of Fairfield at Bridgeport, or any other court of competent jurisdiction, to seek recovery only from any and all insurance policies maintained by Bridgeport Health or otherwise available to Movants, and to allow Movants take all actions necessary to adjudicate and resolve such claims;

b) for such other and further relief as the Court deems just and proper.

Dated: March 12, 2019

                                                 DIANNE COTTON AND RICHARD COTTON CO-CONSERVATORS FOR THE PERSON OF DENISE GATCHELL

By: _s/ Fletcher W. Moore_____
    Fletcher W. Moore
MOORE KUEHN, PLLC
30 Wall Street, 8TH FL
New York, New York 10005
(212) 709-8245
fmoore@moorekuehn.com

EXHBIT A

| FIDUCIARY'S PROBATE CERTIFICATE/CONSERVATORSHIP PC-450C REV. 10/14 | STATE OF CONNECTICUT COURT OF PROBATE | |
|---|---|---|
| **COURT OF PROBATE, Northern Fairfield County** | **DISTRICT NO. PD45** | |
| ESTATE OF/IN THE MATTER OF<br><br>Denise Gatchell  (91-12165) | | DATE OF CERTIFICATE<br><br>February 16, 2018 |
| **FIDUCIARY'S NAME AND ADDRESS** | **FIDUCIARY'S POSITION OF TRUST** | **DATE OF APPOINTMENT** |
| Dianne Cotton, 947 Mermaid Avenue S.E., Palm Bay, FL 32909 | Co-Conservatrix of the Person | June 20, 2006 |
| Richard Cotton, 180 Broad Street, Apt 1132, Stamford, CT 06901 | Co-Conservator of the Person | June 20, 2006 |

*The undersigned hereby certifies that the fiduciary in the above-named matter has accepted appointment, is legally authorized and qualified to act as such fiduciary, and the appointment is unrevoked and in full force as of the above date of certificate.*

**This certificate is valid for one year from the date of the certificate.**

*The fiduciary has been granted the following duties and authority:*

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of this court on the above date of certificate.

**Court Seal**

**NOT VALID WITHOUT COURT OF PROBATE SEAL IMPRESSED**

FIDUCIARY'S PROBATE CERTIFICATE/CONSERVATORSHIP                                   PC-450C

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF CONNECTICUT
# NEW HAVEN DIVISION

| | |
|---|---|
| In re:<br><br>THE ROSEGARDEN HEALTH AND REHABILITATION CENTER LLC, *et al.*,<br><br>Debtors.[1] | CHAPTER 11<br><br>Case No. 18-30623<br>(Jointly Administered) |
| DIANNE COTTON AND RICHARD COTTON CO-CONSERVATORS FOR THE PERSON OF DENISE GATCHELL,<br><br>Movant,<br><br>vs.<br><br>JON P. NEWTON,<br>CHAPTER 11 TRUSTEE FOR<br>BRIDGEPORT HEALTH CARE<br>CENTER INC.,<br><br>Trustee/Respondent | |

## ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Upon consideration of Dianne Cotton and Richard Cotton as co-conservators for the estate of Denies Gatchell ("Movants") Motion for Relief From the Automatic Stay (the "Motion") and it appearing that notice of the Motion was good and sufficient under the circumstances and that no further notice need be given; and after due deliberation thereon; and good cause appearing therefore, it is hereby:

---

[1] The Debtors in these cases and the last four digits of each Debtor's tax identification number are: The Rosegarden Health and Rehabilitation Center LLC (4423) and Bridgeport Health Care Center Inc. (6665).

ORDER, that the Motion is granted; and it is further

ORDER, that the automatic stay of 11 U.S.C. § 362 be terminated to permit Movants to pursue personal injury litigation against Bridgeport Health Care Center Inc. d/b/a Bridgeport Manor ("Bridgeport Health") in the State of Connecticut Superior Court, Judicial District of Fairfield at Bridgeport, or any other court of competent jurisdiction, to seek recovery only from any and all insurance policies maintained by Bridgeport Health or otherwise available to Movants, and to allow Movants take all actions necessary to adjudicate and resolve such claims.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF CONNECTICUT
# NEW HAVEN DIVISION

| | |
|---|---|
| In re:<br><br>THE ROSEGARDEN HEALTH AND REHABILITATION CENTER LLC, *et al.*,<br><br>Debtors.[1] | CHAPTER 11<br><br>Case No. 18-30623<br>(Jointly Administered) |
| DIANNE COTTON AND RICHARD COTTON CO-CONSERVATORS FOR THE PERSON OF DENISE GATCHELL,<br><br>Movant,<br><br>vs.<br><br>JON P. NEWTON,<br>CHAPTER 11 TRUSTEE FOR<br>BRIDGEPORT HEALTH CARE<br>CENTER INC.,<br><br>Trustee/Respondent | |

## NOTICE OF CONTESTED MATTER RESPONSE DATE

Dianne Cotton and Richard Cotton as co-conservators for the person of Denise Gatchell ("Movants") have filed a Motion for Relief from the Automatic Stay (the "Contested Matter") with the U.S. Bankruptcy Court. Notice is hereby given that any response to the Contested Matter must be filed with the Court no later than March 27, 2019. In the absence of a timely filed response, the proposed order in the Contested Matter *may* be entered without further notice or hearing, *see*, 11 U.S.C. § 102(1).

---

[1] The Debtors in these cases and the last four digits of each Debtor's tax identification number are: The Rosegarden Health and Rehabilitation Center LLC (4423) and Bridgeport Health Care Center Inc. (6665).

Dated: March 12, 2019

        DIANNE COTTON AND RICHARD COTTON CO-CONSERVATORS FOR THE PERSON OF DENISE GATCHELL

        By: _s/ Fletcher W. Moore_____
           Fletcher W. Moore
        MOORE KUEHN, PLLC
        30 Wall Street, 8FL
        New York, New York 10005
        (212) 709-8245
        fmoore@moorekuehn.com

\* Pursuant to Federal Rule of Bankruptcy Procedure 9006(f), if service is made by mail, three days are added after the response date set in this notice.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF CONNECTICUT
# NEW HAVEN DIVISION

| | |
|---|---|
| In re:<br><br>THE ROSEGARDEN HEALTH AND REHABILITATION CENTER LLC, *et al.*,<br><br>Debtors.[1] | CHAPTER 11<br><br>Case No. 18-30623<br>(Jointly Administered) |
| DIANNE COTTON AND RICHARD COTTON CO-CONSERVATORS FOR THE PERSON OF DENISE GATCHELL,<br><br>Movant,<br><br>vs.<br><br>JON P. NEWTON,<br>CHAPTER 11 TRUSTEE FOR BRIDGEPORT HEALTH CARE CENTER INC.,<br><br>Trustee/Respondent | |

## CONTESTED MATTER CERTIFICATE OF SERVICE

In accordance with the applicable provisions of the Federal Rules of Bankruptcy Procedure 2002 and 7004, the undersigned certifies that on the 12th day of March, 2019, the following documents were served on all appearing parties who accept electronic service via the court's electronic filing system and via FedEx on debtors, the U.S. Trustee, and all other parties who are not on the list to receive email notice/service:

---

[1] The Debtors in these cases and the last four digits of each Debtor's tax identification number are: The Rosegarden Health and Rehabilitation Center LLC (4423) and Bridgeport Health Care Center Inc. (6665).

1. **Documents Served:**

    1. Motion for Relief from the Automatic Stay;

    2. Exhibit A;

    3. Proposed Order;

    4. Notice of Contested Matter Response Date.

2. **Parties Served Via FedEx**:

The Rosegarden Health and Rehabilitation Center, LLC (Debtor)
Attention: Manager/Member
3584 East Main Street Waterbury, CT 06705

Bridgeport Health Care Center, Inc. (Debtor)
Attention: President/Secretary/Managing Agent
540-600 Bond Street Bridgeport, CT 06610

Barbara Katz, Esq.
52 Trumbull Street
New Haven, CT 06510

Steven E. Mackey, Esq.
Office of the U.S. Trustee
The Giaimo Federal Building
150 Court Street, Room 302 New Haven, CT 06510

Jon P. Newton, Esq.
Reid and Riege, P.C.
One Financial Plaza Hartford, CT 06103

Paul M. Shapiro, Esq.
Law Offices of Jeffrey Hellman, LLC
195 Church Street, 10th FL
New Haven, CT 06510

Amy E. Vulpio, Esq.
1650 Market Street Fl.18
Philadelphia, PA 19103

Luis A Eizaguirre
4100 Galt Ocean Dr
Apt 711
Fort Lauderdale, FL 33308

Allen A Etish
EARP COHN P.C.
20 Brace Road
Suite 400
Cherry Hill, NJ 08034

Litchfield Cavo LLP
82 Hopmeadow Street
Suite 210
Simsbury, CT 06089

PFK O'Connor Davies, LLP
3001 Summer Street, 5th Floor
Stamford, CT 06095

Technical Gas Product, Inc.
101 North Plains Industrial Rd
1B Suite 1
Wallingford, CT 06704


Dated: March 12, 2019

                                  DIANNE COTTON AND RICHARD COTTON CO-CONSERVATORS FOR THE PERSON OF DENISE GATCHELL

                                  By: _s/ Fletcher W. Moore_____
                                     Fletcher W. Moore
                                  MOORE KUEHN, PLLC
                                  30 Wall Street, 8FL
                                  New York, New York 10005
                                  (212) 709-8245
                                  fmoore@moorekuehn.com