UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| In Re:<br><br>THE ROSEGARDEN HEALTH AND<br>REHABILITATION CENTER LLC, et al.,<br><br>Debtors[1] | CHAPTER 11<br><br>CASE NO. 18-30623 (AMN)<br><br>(Joint Administration)<br><br>Re: ECF No. 1259 |

**ORDER GRANTING TRUSTEE'S MOTION TO USE PROPERTY OTHER THAN IN THE ORDINARY COURSE OF BUSINESS AND FOR RELATED RELIEF**

Upon consideration of the Trustee's Motion to Use Property Other Than in the Ordinary Course of Business and for Related Relief (the "Motion") filed by Jon Newton, Chapter 11 Trustee (the "Trustee") for the jointly administered estates of The Rosegarden Health and Rehabilitation Center LLC ("Rosegarden") and Bridgeport Health Care Center Inc. ("Bridgeport Health"; together with Rosegarden, the "Debtors"), pursuant to which Motion the Trustee seeks Bankruptcy Court approval, under 11 U.S.C. sections 363 and 364, to accept an advance payment from the Department of Social Services ("DSS") and to grant the DSS an administrative expense priority for any advances which are not recouped against future Medicaid payments, after due notice under the circumstances and a hearing on December 20, 2019, and it appearing to the Court that just cause exists to grant the Motion, it is hereby:

ORDERED, that the Motion is granted; and it is further

ORDERED, that the DSS is authorized to make and the Trustee, on behalf of the estate of Bridgeport Health, shall be and hereby is authorized to accept an advance received from the DSS

---

[1] The Debtors in these cases and the last four digits of each Debtor's tax identification number are: The Rosegarden Health and Rehabilitation Center LLC (4423) and Bridgeport Health Care Center Inc. (6665).

to Bridgeport Health in the amount of up to $1,200,000 (collectively, the "DSS Advance"), on the terms and conditions set forth herein, including the following:

(i) Allowing the DSS to recover the DSS Advance, through reductions to payments due to the Bridgeport Health estate within ninety (90) days of the issuance of the advance(s), as provided by state statute;

(ii) Granting the DSS a super-priority administrative expense claim pursuant to 11 U.S.C. section 364(c)(1) for any advances which are not recovered, which claim shall have authority over any and all costs and expenses of administration or other priority claims in this Chapter 11 case (including current or future super-priority claims other than claims of the DSS) or any subsequent Chapter 7 case; and it is further

ORDERED, that notwithstanding the grant of authority to the DSS to recover through reductions to payments due to the Bridgeport Health estate within ninety (90) days of the issuance of the advance(s) in this order and any prior orders of the court, such ninety (90) day periods may be extended by written agreement of the DSS and the Trustee without further order of the Court; and it is further

ORDERED, that the entry of this order is subject to the terms and conditions of that certain Preliminary Order Granting Trustee's Motion for Preliminary and Final Orders Authorizing Post-Petition Financing (ECF No. 305), which remains in full force and effect.

Dated this 7th day of January, 2020, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut