**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | |
|---|---|
| Iu Re:<br><br>THE ROSEGARDEN HEALTH AND REHABILITATION CENTER LLC, et al.,<br><br>Debtors | CHAPTER 11<br><br>CASE NO. 18-30623 (AMN)<br>(Joint Administration)<br><br>Re: ECF No. 1174 |

**ORDER AUTHORIZING TRUSTEE TO WIND DOWN AND**
**CEASE TO OPERATE BRIDGEPORT HEALTH CARE CENTER, INC.**

Before the Court is the Motion for Order Authorizing the Trustee to Wind Down and Cease to operate Bridgeport Health Care Center, Inc. and for Related Relief (the "Motion") filed by Jon Newton, the Chapter 11 Trustee (the "Trustee") for the jointly administered estates of The Rosegarden Health and Rehabilitation Center LLC ("Rosegarden") and Bridgeport Health Care Center Inc. ("Bridgeport Health"; together with Rosegarden, the "Debtors"), by and through his counsel, Reid and Riege, P.C. ECF No. 1174. Objections to the Motion were filed by Council 4, American Federation of State County and Municipal Employees (the "Union"), Bridgeport Health Care Realty, Inc. (the "Landlord"), Paradise Realty of Waterbury, LLC, People's United Bank, and the United States Secretary of Labor. ECF Nos. 1215, 1218, 1219, and 1220. An evidentiary hearing to consider the Motion was held on November 20, 2019, with testimony from Katherine Sacks, the Chief Operating Officer for Bridgeport Health; Kathleen Shaughnessy, a principal cost analyst for the State of Connecticut Department of Social Services; and Jonathan Starble, general counsel for I-Care Health Management, LLC ("I-Care"). Continued hearings to consider the Motion were held on November 21, December 13, and December 20, 2019. At the conclusion of the December 20 hearing, the Union, the Landlord and People's United Bank withdrew their objections to the Motion after

it was reported I-Care had withdrawn its offer to acquire Bridgeport Health and the real property owned by the Landlord. Following the hearing, on December 31, 2019, the United States Secretary of Labor withdrew its objection. ECF No. 1273.

After review and consideration of the record of this case, including the testimony presented by the witnesses on November 20, 2019, the reported withdrawal of I-Care's offer to acquire the nursing home, the withdrawal of all written objections to the Motion, the reports of the Patient Care Ombudsman (*see,* ECF No. 1228, p.5, "[T]he risk of maintaining operations and the potential trauma of a sudden and unplanned closure [resulting from a sudden infrastructure or staffing emergency] would be greater than a planned closure under Court supervision."), as well as the comments and concerns of residents of the Bridgeport Health nursing home who participated in several hearings by telephone, and as I discussed during a hearing held on January 7, 2020, I find there is sufficient cause to grant the requested relief pursuant to 11 U.S.C. § 363.

**ACCORDINGLY**, it is hereby:

**ORDERED:** That, the Motion, ECF No. 1174, is GRANTED, as set forth herein; and it is further

**ORDERED:** That, the Trustee is authorized to wind down and cease to operate the Bridgeport Health Care Center skilled nursing facility, as more fully set forth in the Motion, and it is further

**ORDERED**: That, in accordance with 42 U.S.C. § 1320a-7j(h)(l)(C), the Trustee shall seek and obtain approval of a facility closing plan for Bridgeport Health Care Center (the "Closing Plan") from the Department of Public Health for the State of Connecticut ("DPH"); and it is further

**ORDERED:** That, upon the Trustee's receipt of DPH's approval of the Closing Plan, the Trustee shall file in this case a notice of DPH's approval of the Closing Plan; and it is further

**ORDERED:** That, with respect to the 60-day notice that must be contained in the notice of facility closing, pursuant to applicable federal regulations, the Trustee shall file in this case a notice of when such 60-day notice was served upon the parties required to receive it; and it is further

**ORDERED**: That, with respect to the 30-day notice that must be provided to each resident of Bridgeport Health Care Center before a resident may be discharged in accordance with Conn. Gen. Stat. § 19a-535(c)(1), the Trustee shall file in this case a notice of when such 30-day notices were served upon the parties required to receive them; and it is further

**ORDERED:** That, the Trustee shall not seek to waive the 60-day notice provided in the Worker Adjustment and Retraining Notification Act, 28 U.S.C. § 2101, et seq.; and it is further

**ORDERED:** That, on February 19, 2020, at 11:30 a.m., the Court shall hold a status conference (in which the Ombudsman shall participate) regarding the status of the closing of the Bridgeport Health Care Center skilled nursing facility located at 600 Bond Street, Bridgeport, Connecticut.

Dated this 7th day of January, 2020, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut