# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# NEW HAVEN DIVISION

| | |
|---|---|
| In Re:<br><br>THE ROSEGARDEN HEALTH AND<br>REHABILITATION CENTER LLC, et al.,<br><br>Debtors[1] | CHAPTER 11<br><br>CASE NO. 18-30623 (AMN)<br>(Joint Administration)<br><br>Re: ECF No. 1283 |

## ORDER AUTHORIZING TRUSTEE TO ENTER INTO INSURANCE PREMIUM FINANCE AGREEMENT

Upon consideration of the Motion Authorizing Trustee to Enter into Insurance Premium Finance Agreement (the "Motion") filed by Jon Newton, the Chapter 11 Trustee (the "Trustee") for the jointly administered estates of The Rosegarden Health and Rehabilitation Center LLC ("Rosegarden") and Bridgeport Health Care Center Inc. ("Bridgeport Health"; together with Rosegarden, the "Debtors"), by and through his counsel, Reid and Riege, P.C., pursuant to which Motion the Trustee seeks Court authority, under 11 U.S.C. section 364(c)(2), to enter into a certain Premium Finance Agreement (the "Agreement") with IPFS Corporation("IPFS"), which Agreement finances the payment of premiums paid upon an insurance policy of Bridgeport Health (the "Policy"), named therein (a copy of the Agreement is attached hereto as **EXHIBIT A**), after due notice and a hearing, and it appearing to the Court that just cause exists to grant the Motion, it is hereby:

ORDERED, that the Motion is granted; and it is further

ORDERED, that the Trustee is hereby authorized to enter into and to perform under the Agreement and to execute and to deliver such documents and amendments to the Agreement that

---

[1] The Debtors in these cases and the last four digits of each Debtor's tax identification number are: The Rosegarden Health and Rehabilitation Center LLC (4423) and Bridgeport Health Care Center Inc. (6665).

the Trustee and IPFS may deem reasonably necessary or desirable to carry out the Agreement; and it is further

ORDERED that, pursuant to section 364(c) of Title 11 of the United States Code, as amended (the "Bankruptcy Code") and the terms of the Agreement, Bridgeport Health is authorized to grant to IPFS a first priority security interest (the "Lien") in the Policy including (but only to the extent permitted by applicable law): (i) all money that is or may become due under the Agreement because of a loss under the Policy that reduces unearned premiums (subject to the interest of any applicable mortgagee or loss payee); (ii) any return of premiums or unearned premiums under the Policy; and (iii) any dividends that may become due Bridgeport Health in connection with the Policy; and it is further

ORDERED, that, in the event that Bridgeport Health defaults under the terms of the Agreement, IPFS may, in accordance with the terms of the Agreement, and without further order of the Court, cancel the Policy listed in the Agreement or amendments thereto and receive and apply the unearned or return premiums to the account of Bridgeport Health; and it is further

ORDERED, that the full rights of IPFS pursuant to the Agreement and controlling state law be and the same hereby are fully preserved and protected and are and shall remain unimpaired by the pendency of this or any subsequent proceeding under the Bankruptcy Code, the appointment of a trustee in this case, or the conversion of the case to a case under Chapter 7 of the Bankruptcy Code; and it is further

ORDERED, that, in the event that returned or unearned premiums or other amounts due under the Policy are insufficient to pay the total amount owing by Bridgeport Health to IPFS, any remaining amount owing to IPFS, including reasonable attorneys' fees and costs, shall be an

allowable claim in this case with priority as an administrative expense pursuant to section 503(b)(1) of the Bankruptcy Code; and it is further

ORDERED, that any monies due under the Agreement not otherwise satisfied through returned or unearned premiums or through payment of an allowed administrative claim filed by IPFS shall not be subject to discharge or release in this Chapter 11 proceeding or any corresponding Chapter 7 proceeding, notwithstanding any provision to the contrary set forth in any Chapter 11 Plan or Confirmation Order entered in the above captioned case(s); and it is further

ORDERED, that, notwithstanding anything to the contrary in an Order approving secured financing in this case, the Lien granted to IPFS hereunder in connection with the Policy shall be senior to any security interests and/or liens granted to any other secured creditors in Bridgeport Health's case; and it is further

ORDERED, that because IPFS has extended credit to Bridgeport Health in good faith, the reversal or modification of this Order on appeal shall not affect the validity of the debt owed to IPFS or the priority of its Lien, as provided in section 364(e) of the Bankruptcy Code.

Dated this 14th day of January, 2020, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut